# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

WILLIAM CLERENCE CISCO                                            PLAINTIFF

v.                                              CIVIL ACTION NO. 4:19-CV-P118-JHM

SHANNON MYERS *et al.*                                             DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff William Clerence Cisco's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted prisoner incarcerated at the Daviess County Detention Center. He brings this action pursuant to 42 U.S.C. § 1983 against a Daviess County prosecutor, Shannon Myers, and Daviess County Judge McCarty. He sues Defendant Myers in her individual and official capacities but does not indicate the capacity in which he sues Defendant McCarty.

In the complaint, Plaintiff alleges as follows:

> I have no clue as to why my court order attorney Colyn O'bryan bailed out on me just minutes before my case. Micheal Hendricks was granted yet another extention, his fifth one without any money all five times. Micheal Hendricks also informed me that he does work for the prosecutor [and] Judge around each of their homes [and] that the Judge [and] prosecutor never locks him up or put him in jail. It was only after I began voicing my opinion of a bad faith Judgement and Retaliation, they brought Micheal Hendricks along to be booked [and] detained along with me, which is Micheals second time recieving a six month sentence. Micheal also informed me of the personnal relationship he has with Judge McCarty [and] prosecutor Shannon Myers, as they pay him to do work at their live in residences. Micheal also informed me of the favors they show him. In my own opinion I really can't say about the personnal retaliation prosecutor Shannon Myers have against me.

And the undisputable just that I have not missed payments [and] I also have a wage garnishment in place. I respectfully [and] humbly ask the Court to overturn my sentence of six months [and] be released asap and given fair treatment, proper representation and given extentions like everyone else.

As relief, Plaintiff seeks monetary and punitive damages; injunctive relief in the form of "being realeased [and] grant my extension"; and other relief in the form of a written apology from both Defendants.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

2

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Claims for equitable relief

Plaintiff asks the Court "to overturn my sentence of six months [and] be realeased ASAP and given fair treatment, proper representation and given extensions like everyone else." However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

3

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking immediate release from detention, the § 1983 claim for such relief cannot lie and will be dismissed.

Plaintiff's request for a public apology will also be dismissed as it is questionable whether the Court even has the equitable power to order such relief. *See Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002) (concluding in a § 1983 action that "the district court exceeded its equitable power when it ordered [defendant] to apologize" and holding that "'[w]e are not commissioned to run around getting apologies'" and that an "apology will not provide any remedy to Woodruff for which the damages imposed have not already accounted") (quoting *McKee v. Turner*, 491 F.2d 1106, 1107 (9th Cir. 1974)); *see also Smith v. Mesa*, No. 2:13-CV-01255-JAD, 2013 WL 6632636, at *3 (D. Nev. Dec. 13, 2013) ("A plaintiff may not secure an order in a federal civil rights action directing an officer to make a public apology . . . ."); *Kitchen v. Essex Cty. Corr. Facility*, No. 12-2199 JLL, 2012 WL 1994505, at *4 (D.N.J. May 31, 2012) ("The remedy of 'apology,' however, is not cognizable, either within the meaning of a § 1983 action or as a general legal remedy that a court has the power to order, under any provision."); *Garcia v. Cameron*, No. 2:10-CV-487-FTM-29, 2010 WL 5477765, at *4 (M.D. Fla. Dec. 30, 2010) ("Nor does the Court have the power to mandate jail officials to provide Plaintiff with an oral or public apology."); *Norris v. Poole*, No. CA8:10-750JFABHH, 2010 WL 1903970, at *3 (D.S.C. Apr. 19, 2010) ("The injunctive relief of compelling a government official to issue a published apology is also not available, because it is in the form of mandamus relief. . . . [and] Plaintiff fails . . . to show that 'he has a clear and indisputable right to the relief sought,' because he has no legal right to a published apology.") (internal citations omitted), *report and recommendation adopted*, No. CA8:10-750JFABHH, 2010 WL 1903971 (D.S.C. May 11, 2010).

## B. Claims for damages

### 1. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Because Defendants are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169; *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

Accordingly, Plaintiff's official-capacity claims against Defendants Myers and Judge McCarty for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

5

## 2. Individual-capacity claims

It is unclear what wrongdoing Plaintiff is alleging that Defendants did to him. Most of the allegations involve Defendants' interactions with an individual named Michael Hendricks. While Plaintiff alleges "[i]n my own opinion I really can't say about the personnal retaliation prosecutor Shannon Myers have against me," there are no facts involving Plaintiff to support a constitutional retaliation claim. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (indicating that to state a retaliation claim, a plaintiff must show that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct).

In Plaintiff seeking that he be "given fair treatment, proper representation and given extentions like everyone else," under liberal construction, the Court concludes that Plaintiff could be alleging constitutional violations that occurred during his criminal proceedings with Judge McCarty, as presiding judge, and Defendant Myers, as prosecutor. Were this the case, Plaintiff's claims against Defendants, nevertheless, would be barred by judicial and prosecutorial immunity.

With regard to Plaintiff's claims against Defendant Judge McCarty, judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S.

335 (1872)). The law is clear that a judge acting within the scope of his official duties and within his jurisdictional authority is absolutely immune from damages liability. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997); *Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992).

Similar to the doctrine of judicial immunity, prosecutors also are entitled to "absolute immunity from civil liability related to their performance of 'prosecutorial' functions.'" *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits." *Id*. (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "As the line of absolute-immunity cases make clear, . . . a prosecutor's allegedly improper motive alone is not enough to defeat absolute immunity, so long as the general nature of his actions falls within the scope of his duties as an advocate for the state." *Cady v. Arenac Cty.*, 574 F.3d 334, 341(6th Cir. 2009).

Thus, to the extent Plaintiff is seeking relief based on any action of Defendant Judge McCarty while presiding over the criminal action or of Defendant Myers during her prosecution of the criminal action, Plaintiff's claims are barred by judicial and prosecutorial immunity, respectively.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: March 2, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
  Defendants
4414.005